Victor L. MERIDA, Appellant–
Plaintiff,

v.

Jennifer L. CARDINAL, Appellee–
Defendant.

No. 49A04–0004–CV–146.

Court of Appeals of Indiana.

May 30, 2001.

Joseph P. MaGuire, Indianapolis, IN, Attorney for Appellant.

Adam J. Moore, Conover & Foos, Indianapolis, IN, Attorney for Appellee.

## OPINION

FRIEDLANDER, Judge

Victor Merida appeals a jury verdict finding him and Kenneth Thurston, a non-party defendant, each thirty percent at fault in an auto accident and awarding $1000 on his complaint for negligence against Jennifer Cardinal. We find the following issue dispositive: Did the trial court err by refusing to give an instruction that a driver entering an intersection on a green light has no duty to look left and right to see if any approaching traffic is going to violate the law?

We reverse.

On the morning of February 17, 1998, Merida was driving to work in his 1986 custom van north on West Street in Indianapolis. He stopped for a red light at the intersection of West Street and Morris Street. On West Street there were two northbound lanes, a right turn only lane and a left turn only lane. Merida was in the northbound lane furthest from the median, and Thurston was in the other northbound lane immediately to Merida's left.

When the light turned green, Merida and Thurston proceeded slowly into the intersection. Cardinal's vehicle, heading eastbound on Morris, struck the left rear side of Thurston's vehicle in the middle of the intersection. Cardinal was traveling approximately forty miles per hour at the time of the collision. An eyewitness explained that Cardinal's vehicle seemed to come "out of nowhere" and hit Thurston's truck. *Record* at 211. Upon impact, Thurston's truck spun around and hit Merida's van.

Following a jury trial, Merida and Thurston were each found to be thirty percent at fault and Cardinal was found to be forty percent at fault for the accident. The jury awarded Merida a verdict against Cardinal of $1000.

In addition to challenging Merida's damages at trial, Cardinal also contested liability, arguing that Merida and Thurston were at fault, at least in part, for the accident because they failed to maintain a proper lookout by looking left and right before entering the intersection.[1] In re-

---

1. We note that the majority of Cardinal's cross-examination of Merida concerned whether he looked left and right before entering the intersection. Moreover, Cardinal made the following argument during part of her final statement to the jury:

 Essentially what they are telling you is that she failed to see a red light. That she ran a red light and went into the intersection when she shouldn't have. Based on those things she failed to see. Well who else failed to see something in this case? Two people stop northbound, who were right up by the light, who claimed that as they entered the intersection; or before it, they didn't see a thing. They didn't see defendant's car.... They failed to see. It is called failure to keep a proper lookout. Each and every one of us before we enter an intersection has a duty to make sure that it is clear. You can't sit there, not look and drive straight in because other vehicles may

sponse to this argument, Merida tendered the following final instruction, citing *Anderson v. Pre–Fab Transit Co., Inc.,* 409 N.E.2d 1157 (Ind.Ct.App.1980) for authority:

> A driver who is lawfully using a public highway and has a green light at an intersection has no duty to look to the left and to the right to see if any approaching traffic was going to violate the law.
>
> If you find that the Plaintiff, Victor Merida, or the non-party, Kenneth Thurston, from the evidence, had a green light for their direction of travel, they had no duty to look to the left and to the right to see if any approaching traffic was going to violate the law.

*Record* at 83.

The trial court refused this instruction over Merida's objection. Merida contends on appeal that the instruction covered one of the main issues in the case, as shown by the evidence and closing argument, and that the trial court abused its discretion in refusing the instruction.

 The giving of jury instructions is a matter within the sound discretion of the trial court, and we review the trial court's refusal to give a tendered instruction only for an abuse of that discretion. *See Control Techniques, Inc. v. Johnson,* 737 N.E.2d 393 (Ind.Ct.App.2000), *trans. pending.* Such an abuse of discretion occurs only when: 1) the instruction correctly states the law; 2) the evidence supports the instruction; and 3) the substance of the instruction is not covered by other instructions. *Id.* Further, even if refusal of a tendered instruction is error, we will not reverse unless the failure to give the instruction substantially and adversely affected the party's substantial rights so as to likely have affected the result. *Epperly v. Johnson,* 734 N.E.2d 1066 (Ind.Ct.App. 2000).

In *Frito–Lay, Inc. v. Cloud,* 569 N.E.2d 983 (Ind.Ct.App.1991), we suggested to the trial court that on retrial[2] it instruct the jury regarding the respective rights and obligations of the preferred driver and the nonpreferred driver as set out in *Anderson v. Pre–Fab Transit Co., Inc.* We specifically discussed *Anderson* as follows:

> The case of *Anderson v. Pre–Fab Transit Co., Inc.* (1980), Ind.App., 409 N.E.2d 1157 involved an accident at a traffic signal. The defendant failed to stop at the red light and collided with the plaintiff who had a green light. *We held that if the plaintiff was not on notice that the other motorist would violate the law, he had no duty to look both directions on the nonpreferred road to see if any approaching traffic was going to violate the law.* In so holding, we relied on *Wallace v. Doan* (1973), 155 Ind.App. 316, 292 N.E.2d 820 which contains the exact holding for a stop sign case. We noted further that the preferred driver has the right to assume the non-preferred driver will obey the traffic laws and is not required to proceed overly cautiously into an intersection and to be cognizant of everything in plain view. *Id.* Finally, we noted that if we were to require the preferred driver to check the oncoming traffic on the non-pre-

---

be coming. And as a duty imposed on all of us, we have to look. We have to make a determination. And what is more probably true than not true? Is it that Mr. Baker, the witness, is able to see through an intersection, but Mr. Merida and Mr. Thurston can't. Give me a break.... They say that she failed to see, they failed to see the

obvious. The duty to look both ways. The duty to let the intersection clear. That is the duty that they have breached.
*Record* at 269–70.

2. The case was reversed and remanded for a new trial on another ground.

ferred street we would probably cause more accidents than we would prevent. *Id.*

*Frito–Lay, Inc. v. Cloud,* 569 N.E.2d at 992 (emphasis supplied).

The instruction tendered by Merida was a correct statement of the law. While Cardinal is correct that a driver on a preferred street must still exercise due care at an intersection, *Anderson* makes clear that due care does not mandate that the driver look left and right unless he or she has notice that another driver might violate the law.[3] *Anderson v. Pre–Fab Transit Co., Inc.,* 409 N.E.2d 1157. Further, nothing in the tendered instruction eliminated Merida's duty of due care, as expressed in the general negligence and comparative fault instructions.

The evidence supports the tendered instruction. As noted previously, Cardinal argued to the jury that Merida and Thurston were at least partially at fault for the accident because they failed to look both ways before entering the intersection. During cross-examination, Cardinal attempted to establish that Merida failed to look left and right before entering the intersection. Moreover, Cardinal specifically told the jury that Merida and Thurston had a duty to look both ways, which they breached. Cardinal's presentation of evidence and closing argument clearly created an erroneous impression of the law and, therefore, supported the giving of the tendered instruction.

Finally, the substance of the instruction was not covered by other instructions given at trial. The jury was instructed on the general law of negligence and comparative fault. It was not, however, instructed that, contrary to Cardinal's arguments at trial, a driver lawfully using a public highway has no duty to look right and left before entering an intersection on a green light. The trial court's refusal of Merida's tendered instruction amounted to an abuse of discretion.

■ Having concluded that the trial court erred by not giving the instruction, we must still determine whether the error substantially prejudiced Merida in the presentation of his case. Here, Cardinal's primary argument for comparing fault was Merida's and Thurston's failures to look right and left before entering the intersection. The jury in turn found Merida and Thurston each thirty percent at fault. We conclude that the trial court's failure to properly instruct the jury likely affected the verdict.[4]

Judgment reversed and remanded for a new trial.

BAILEY and MATTINGLY–MAY, JJ., concur.

---

**3.** Here, there was no evidence that Merida observed something out of the ordinary to put him on notice that Cardinal would violate the law and require him to look left and right before entering the intersection.

**4.** Although not necessary to dispose of this appeal, we feel compelled to briefly address another instructional issue raised by Merida because it may arise again on retrial. Merida challenges the trial court's removal from the damages instruction the material relating to whether his injuries are temporary or perma-

nent. The trial court's decision to excise this portion of the instruction is understandable in light of Merida's counsel's statements to the jury that "I am going to tell you up front that my client is not permanently injured.... This is not a case that is a huge case that we are going to claim that he is permanently injured and unable to work." *Record* at 120. Without such an explicit waiver of this element of damages, however, the trial court would be well advised to include the previously omitted language in the instruction.